| | |
|---|---|
| COINBASE FINANCIAL MARKETS, INC., <br><br> *Plaintiff*, <br><br> v. <br><br> KWAME RAOUL, in his official capacity as Attorney General of Illinois; DIONNE R. HAYDEN, in her official capacity as Chairperson of the Illinois Gaming Board; SEAN BRANNON, in his official capacity as Member of the Illinois Gaming Board; STEPHEN R. FERRARA, in his official capacity as Member of the Illinois Gaming Board; CALEB J. MELAMED, in his official capacity as Member of the Illinois Gaming Board; and MARCUS D. FRUCHTER, in his official capacity as Administrator of the Illinois Gaming Board, <br><br> *Defendants*. | No. 1:25-cv-15406 <br><br> Hon. Martha M. Pacold <br><br> **ELECTRONICALLY FILED** |

## JOINT INITIAL STATUS REPORT

1.      The Nature of the Case:

   A.      Identify (names and contact information) for all attorneys of record for each party, including the lead trial attorney.

   Plaintiff's Counsel:

   **SCHARF BANKS MARMOR LLC**
   George D. Sax (Trial Bar Member)
   30 West Hubbard Street, Suite 500
   Chicago, IL 60654
   Tel: (312) 726-6000
   gsax@scharfbanks.com

   **SULLIVAN & CROMWELL LLP**
   Benjamin R. Walker (Lead Trial Attorney)
   Yaira Dubin
   Akash M. Toprani
   125 Broad Street
   New York, NY 10004
   Tel: (212) 558-4000

walkerb@sullcrom.com
dubiny@sullcrom.com
toprania@sullcrom.com

Jeffrey B. Wall
James M. McDonald
Rishabh Bhandari
1700 New York Avenue, N.W.
Washington, D.C., 20006
Tel: (202) 956-7500
wallj@sullcrom.com
mcdonaldj@sullcrom.com
bhandarir@sullcrom.com

Defendants' Counsel:

**OFFICE OF THE ILLINOIS ATTORNEY GENERAL**
R. Douglas Rees
Darren Kinkead (Lead Trial Attorney)
115 South LaSalle Street
Chicago, IL 60603
Tel: (312) 814-3000
Richard.Rees@ilag.gov
Darren.Kinkead@ilag.gov

B. Briefly describe the nature of the claims asserted in the complaint and any Counterclaims and/or third party claims.

Plaintiff Coinbase Financial Markets, Inc. ("Coinbase") offers its customers the ability to trade event contracts, including sports-related event contracts, on its platform through a partnership with KalshiEx, LLC, a CFTC-registered exchange that lists event contracts for trading. Plaintiff alleges that Defendants seek to prohibit Coinbase from offering access to trading in sports-related event contracts, purportedly because such trading constitutes unlawful "sports wagering" or "gambling" under the Illinois Sports Wagering Act, Criminal Code, and Administrative Code. Plaintiff asserts that those Illinois laws, insofar as Illinois seeks to apply them to restrict or prohibit transactions involving event contracts traded on federally-registered exchanges, are preempted by the Commodity Exchange Act, 7 U.S.C. §§ 1 *et seq.*, which grants the Commodity Futures Trading Commission ("CFTC") exclusive jurisdiction over all transactions involving swaps, including event contracts, that are traded or executed on federally registered derivatives exchanges. Defendants dispute this.

No other counterclaims or third-party claims have been asserted at this time.

C. Briefly identify the major legal and factual issues in the case.

The central issue in this case is whether the Commodity Exchange Act preempts Illinois state law to the extent that Illinois seeks to apply those laws to regulate, restrict, or ban transactions involving event contracts traded on federally registered exchanges.

D.    State the relief sought by any of the parties.

Plaintiff seeks: (i) a preliminary and permanent injunction prohibiting Defendants and their officers, agents, servants, employees, and all persons in active concert or participation with them who receive actual notice of the injunction from enforcing against Plaintiff the Illinois Sports Wagering Act, Criminal Code, Administrative Code, any rules adopted thereunder, and any other Illinois law that attempts to regulate Plaintiff's involvement in transactions encompassing event contracts traded on a CFTC-registered Designated Contract Market ("DCM"); (ii) a declaratory judgment that the Illinois Sports Wagering Act, Criminal Code, Administrative Code, any rules adopted thereunder, and any other Illinois law are preempted by federal law, and thus violate the Supremacy Clause of the United States Constitution, insofar as Defendants seek to apply these laws to prohibit Plaintiff from offering customers access to event contracts traded on a DCM; and (iii) any further relief that the Court deems just and proper.

2.    Jurisdiction:  Explain why the Court has subject matter jurisdiction over the plaintiff(s)' claim(s).

A.    Identify all federal statutes on which federal question jurisdiction is based.

Federal question jurisdiction is based on the Commodity Exchange Act, 7 U.S.C. §§ 1 *et seq.*

B.    If jurisdiction over any claims is based on diversity or supplemental jurisdiction:

(1)    State whether/why the amount in controversy exceeds the jurisdictional threshold or whether there is a dispute regarding the amount in controversy (and, if so, the basis of that dispute).

Not applicable.

(2)    Identify the state of citizenship of each named party. For unincorporated associations, LLC's, partnerships and other business entities that are not corporations, the state(s) in which any individual members of the business unit are citizens must be identified.

Not applicable.

3.    Status of Service:  Identify any defendants that have not been served.

All Defendants have been served.

4.    Consent to Proceed Before a United States Magistrate Judge:  Confirm that counsel have advised the parties that they may proceed before a Magistrate Judge if they consent

unanimously and advise whether there is, or is not, unanimous consent. Do NOT report whether individual parties have so consented.

Counsel have advised the parties that they may proceed before a Magistrate Judge. The parties do not unanimously consent to proceeding before a Magistrate Judge at this time.

5.  Motions:

    A.  Briefly describe any pending motions.

        On December 23, 2025, Plaintiff filed a Motion for Preliminary Injunction asking the Court to preliminarily enjoin Defendants from applying Illinois law to restrain Plaintiff from providing access to event contracts traded on federally registered exchanges. (Dkt. 27.) Defendants' response is due by January 23, 2026, and Plaintiff's reply is due by February 13, 2026. (Dkt. 31.) The Court has scheduled oral argument for February 24, 2026. (Dkt. 35.)

    B.  State whether the defendant(s) anticipate responding to the complaint by filing an Answer or by means of motion.

        Pursuant to the Court's order dated January 13, 2026, Defendants' time to answer or otherwise respond to the complaint is held in abeyance pending resolution of Plaintiff's Motion for Preliminary Injunction. (Dkt. 35.) Defendants will await the Court's ruling on that motion before deciding how they wish to respond to the Complaint.

6.  Status of Settlement Discussions:

    A.  Indicate whether any settlement discussions have occurred;

        No settlement discussions have occurred.

    B.  Describe the status of any settlement discussions; and

        Not applicable.

    C.  Whether the parties request a settlement conference.

        The parties do not request a settlement conference at this time.

Dated: January 20, 2026

By: /s/ Darren Kinkead

**OFFICE OF THE ILLINOIS ATTORNEY GENERAL**
R. Douglas Rees
Darren Kinkead
115 South LaSalle Street
Chicago, IL 60603
Tel: (312) 814-3000
Richard.Rees@ilag.gov
Darren.Kinkead@ilag.gov

*Counsel for Defendants*

Respectfully Submitted,

By: /s/ George D. Sax

**SCHARF BANKS MARMOR LLC**
George D. Sax
30 West Hubbard Street, Suite 500
Chicago, IL 60654
Tel: (312) 726-6000
gsax@scharfbanks.com

By: /s/ Benjamin R. Walker

**SULLIVAN & CROMWELL LLP**
Benjamin R. Walker
Yaira Dubin
Akash M. Toprani
125 Broad Street
New York, NY 10004
Tel: (212) 558-4000
walkerb@sullcrom.com
dubiny@sullcrom.com
toprania@sullcrom.com

Jeffrey B. Wall
James M. McDonald
Rishabh Bhandari
1700 New York Avenue, N.W.
Washington, D.C., 20006
Tel: (202) 956-7500
wallj@sullcrom.com
mcdonaldj@sullcrom.com
bhandarir@sullcrom.com

*Counsel for Plaintiff*